# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

UNITED STATES OF AMERICA

-vs-                                                                  Case No.:  2:10-cr-136-FtM-29SPC

JOSEPH STELLA

_____

## ORDER

This matter comes before the Court on the Motion for Bond (Doc. #94) filed on June 9, 2011. On June 14, 2011, the Court held a hearing on the Defendant's request for release. David Brener, Esq., appeared on behalf of the Defendant. Tama Calderone, Assistant United States Attorney, appeared on behalf of the Government.

As a matter of background, the Defendant was taken into custody in New Mexico and brought before the Court in the District of New Mexico. The issue of detention was addressed and the Court ordered the Defendant detained for transport to the Middle District of Florida. Upon arrival to the Middle District, the Honorable Douglas Frazier indicated an order of detention was issued and therefore, did not hold a detention hearing. The Defendant now moves the Court for the imposition of bond.

Defense Counsel argues there has been a substantial change in circumstances regarding the Defendant's medical health and treatment. Counsel states the Defendant's health is deteriorating and the jail is ill-equipped to deal with the complicated medications, dietary restrictions and procedures necessary for the Defendant's well-being. Although there are no significant ties to the community, the Defendant states his girlfriend of seven years is willing to move to the Fort Myers area, rent an apartment locally, and his father is willing to co-sign on a bond. Further, he is willing to follow any

instructions the Court imposes to assure his presence at future proceedings. The Defendant's criminal history does not show any arrests in approximately 25 years. Further, the co-defendants in this case have been granted bond.

The Government argued that the Defendant has not overcome the burden in this case and is considered a risk of flight. His father is an elderly man, the Defendant does not have any contact with his sister, and his brother who lives in Miami is a co-defendant in this case. The Defendant has been living on and off in New Mexico and using his brother's identification for approximately 10 years. The Defendant has traveled freely outside of the country and has the financial resources to change residence location until the case has a resolution. Given the nature of the case and the lack of ties to the community, the Government argues detention is appropriate.

The Court has considered the pretrial services report, the nature of the case, the argument of Counsel and the testimony of the Defendant. The Defendant has given the Court a number of options to establish ties to the community, including the relocation of his girlfriend. However, there have been no concrete actions made to establish ties to the community to date. The Defendant's father did not appear in court to testify to the fact that he would be willing to co-sign on a bond. The Court cannot fashion a bond on the supposition that an individual would relocate or that ties to the community "can" be established. Therefore, the Motion is due to be denied without prejudice.

The Court recognizes the urgency of the defendant's health problems and directs the U.S. Marshals to instruct the jail to consider issuing the Defendant's medications throughout the day as instructed by the Doctor and to adhere to the Defendant's dietary restrictions to the best of their ability.

Accordingly, it is now

**ORDERED:**

The Motion for Bond (Doc. #94) is **DENIED without prejudice.**

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of June, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record
 U.S. Marshal